IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REBECCA KOWALD, ROBERT ZEIER,
WILLIAM CADWALLADER, RAYMOND BOYLE,
DAVID THOM, JOANN WINTER, JOHN GRUBER,
ROBERT WENTWORTH, MICHAEL O'GRADY, and
CRYSTAL THOM,

       Plaintiffs,

 v.

COLUMBIA COUNTY, DENNIS RICHARDS,
ROGER BRANDNER, JOSEPH RUF, JORDAN
HAUETER, LEDA WAGNER, DOUGLAS
JARZYNSKI, DAVID CLARK, MICHAEL HAVERLEY,
MARK SMIT, ALEXANDER AGNEW,
BENJAMIN OETZMAN, TERRI PULVERMACHER,
MAX JENANASCHET, CORY MILLER,
GREGORY BISCH, PORTAGE COMMUNITY
SCHOOLS, DANIEL GARRIGAN,
CHARLES POCHES, MATHEW FOSTER,
PETER HIBNER, ROBIN KVALO, BRAD MEIXNER,
SUSAN CONNER, DANIEL GARRIGAN,
CITY OF PORTAGE, SHAWN MURPHY,
KENNETH MANTHEY, JASON STENBERG,
ROBERT BANGELL, KEITH KLAFKE,
BENJAMIN NEUMANN, KEVIN TODRYK,
PETER WARING, PETER BARTACZEWICZ,
ANTHONY BRAUNER, MICHAEL SCHUTZ,
DAWN WILCOX, MARIE MOE, THOMAS DRURY,
CHARLES MILLER, KATHRYN E. MILLER,
MICHAEL HAVERLEY, VILLAGE OF PARDEEVILLE,
ROBERT BECKER, VERN GOVE,
MARK HAZELBAKER, CHARLES F. CHURCH,
ANYTIME FITNESS CORP., and ANDREW
GUNDLACH,

       Defendants.

OPINION and ORDER

18-cv-582-jdp

---

  This civil action is substantially similar to another case pending in this court, case number 18-cv-368-jdp, in which plaintiffs David Thom, Crystal Thom, William Cadwallader,

Robert Wentworth, Raymond Boyle, and Michael O'Grady sued more than 40 defendants associated with numerous local government entities for violations of their rights under the constitution and state law. A couple of months after filing 18-cv-368-jdp in this court, the plaintiffs, joined by plaintiffs Rebecca Kowald, Joanne Winter, Robert Zeier, and John Gruber, filed a separate action in the Circuit Court for Columbia County, alleging federal and state constitutional claims nearly identical to those in case 18-cv-368-jdp, as well as several additional claims. A subset of the defendants accepted service of the complaint and then removed the case to this court on July 25, 2018. Dkt. 1.

There are several motions before the court. Plaintiffs have filed a motion for remand of the case to state court, Dkt. 19, along with two motions requesting that the court take judicial notice of what appear to be various state and federal court documents. Dkt. 27 and Dkt. 28. In their motions for judicial notice, plaintiffs make several confusing arguments related to the various documents that they have filed, but they do not explain clearly how the documents relate to the motions pending before the court. Therefore, I am denying the motions to take judicial notice. I am granting the motion to remand in part and denying it in part. Although defendants followed proper removal procedure and have shown that this court has jurisdiction over many of plaintiffs' claims, plaintiffs' complaint includes claims under the Wisconsin Constitution that cannot be heard in this court. Therefore, I am remanding plaintiffs' claims under the Wisconsin Constitution back to state court.

Next, two sets of the defendants filed motions to partially dismiss the complaints. Dkt. 10 and Dkt. 16. As explained below, I am granting in part and denying in part the motion to dismiss filed by the Columbia County defendants and Portage Community School District defendants. I am denying the motion to dismiss filed by defendant Hazelbaker. Finally, I am

directing defendants to file a response to this order explaining how they wish to proceed with this case.

ANALYSIS

**A. Plaintiffs' motion for remand**

After plaintiffs filed this case in state court, some of the defendants removed this action to federal court under 28 U.S.C. §§ 1441 and 1446. Plaintiffs contend that this case should be remanded for three reasons. First, plaintiffs argue that this court lacks subject matter jurisdiction over the case because plaintiffs have not named any federal government employee or the United States as a defendant. But § 1441 gives defendants the right to remove any case that could have been filed originally in federal court. This court has jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Because plaintiffs' complaint raises several claims under the United States Constitution and federal statutes, plaintiffs could have filed this action in federal court. Therefore, the case was properly removed under § 1441.

Second, plaintiffs argue that this court lacks personal jurisdiction over defendants because plaintiffs have not yet served all of the defendants. This argument is somewhat confusing, as plaintiffs fail to identify any defendant that has not yet been served. My own review of the docket shows that all defendants with the exception of Anytime Fitness Corp. and Andrew Gundlach have been served. Under § 1446(b)(2), a defendant may remove a civil action under § 1441 so long as all defendants who have been properly joined and served consent to the removal of the action. In this instance, all defendants who have been served either joined or consented to removal and no defendant has raised an objection to personal jurisdiction.

3

Plaintiffs' third argument is that this court cannot exercise jurisdiction over their claims under the *Rooker-Feldman* doctrine because several of their claims are related to ongoing state court proceedings still pending in the Circuit Court for Columbia County. Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine also prohibits lower federal courts from deciding matters "inextricably related to state court decisions." *EOR Energy LLC v. Illinois Envtl. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983)).

Plaintiffs identify several state court cases that they say are related to their claims in this lawsuit, including multiple John Doe investigations against some of the defendants that have been opened at plaintiffs' request and several state court cases in which some of the defendants sought harassment injunctions against plaintiff O'Grady and others. But these cases do not implicate the *Rooker-Feldman* doctrine because, at the time plaintiffs filed this lawsuit, there were no final judgments in any of these state court cases. Instead, plaintiffs concede that the cases were ongoing or, with respect to some of the harassment actions, that plaintiffs had successfully obtained dismissal of the actions. A review of Wisconsin's online court records confirms that no final judgment had been entered against plaintiffs in state court in any of the John Doe proceedings or the harassment lawsuits at the time this action was removed to federal court. The Court of Appeals for the Seventh Circuit has reminded district courts repeatedly that the *Rooker-Feldman* doctrine divests a district court of jurisdiction only in cases where "the

losing party in state court filed suit in federal court after the state proceedings ended." *Parker v. Lyons*, 757 F.3d 701, 705 (7th Cir. 2014) (citing *Exxon Mobile*, 544 U.S. at 291)). *See also Straw v. Indiana Supreme Court*, 692 F. App'x 291, 294 (7th Cir. 2017) (*Rooker-Feldman* inapplicable "because [plaintiff] filed the federal action before he received a final judgment in state court."); *Turner v. Godinez*, 693 F. App'x 449, 453 (7th Cir. 2017) (*Rooker-Feldman* inapplicable where state case was still pending in state appellate court at the time that the federal action was filed). It may be that plaintiffs' claims relating to state court proceedings ultimately will be barred for other reasons, such as under the doctrines of issue or claim preclusion. But these preclusion doctrines do not affect this court's subject matter jurisdiction and are not a basis to remand plaintiffs' claims to state court. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015).

Besides their three unsuccessful arguments, plaintiffs identify no reason to remand this case back to state court. But I conclude that plaintiffs' claims under the Wisconsin Constitution were not properly removed. Plaintiffs state repeatedly in their complaint that defendants took actions that violated the Wisconsin Constitution. The state constitution does not authorize suits for money damages except in the context of a takings claim. *W.H. Pugh Coal Co. v. State*, 157 Wis. 2d 620, 634–35, 460 N.W.2d 787, 792–93 (1990) (holding that plaintiff could sue state for money damages arising from unconstitutional taking of property because article I, section 13 of the Wisconsin Constitution requires that state provide "just compensation" when property is taken); *Jackson v. Gerl*, 2008 WL 753919, *6 (W.D. Wis. 2008) ("Other than one very limited exception inapplicable to this case, I am not aware of any state law provision that allows an individual to sue state officials for money damages arising from a violation of the Wisconsin Constitution."). With respect to injunctive relief, sovereign immunity principles

prohibit federal courts from enjoining state officials under state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). This limitation applies not just to injunctions, but to declaratory relief as well. *Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 778 (7th Cir. 1991). These limitations seem to leave plaintiffs no remedy in this court under the Wisconsin Constitution. Thus, if plaintiffs wish to assert a claim under the state constitution, they must do so in state court. Accordingly, plaintiffs' claims under the Wisconsin Constitution must be remanded.

Although some of plaintiffs' state law claims must be remanded, it does not follow that the entire case must be remanded. "Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. . . . If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010). Accordingly, I will remand only the claims arising under the Wisconsin Constitution and will retain jurisdiction over the remaining claims.

**B. Defendants' motions to dismiss**

There are two motions to dismiss pending before the court. First, defendant Mark Hazelbaker filed a pro se motion to dismiss the claims against him, contending that plaintiffs' allegations are without merit and he, as a lawyer for the City of Portage, Columbia County, and the Portage Community School District, is entitled to qualified immunity. Dkt. 16. I am denying this motion because Hazelbaker did not file a brief in support of his motion and did not develop his arguments in any way. *See Swyear v. Fare Foods Corp.*, 911 F.3d 874, 886 (7th Cir. 2018) (failure to develop argument in brief results in waiver).

The second motion is a motion to dismiss several specific claims that was filed by a group of defendants associated with Columbia County and the Portage School District. Dkt. 10. Because of the substantial overlap between this case and case number 18-cv-368-jdp, the motion to dismiss includes many of the same arguments that these defendants raised in their motion to dismiss in 18-cv-368-jdp. As explained fully in the March 25, 2019 order in 18-cv-368-jdp, Dkt. 100, I will dismiss the following claims from plaintiffs' complaint:

- plaintiff Cadwallader's claim that his constututional rights were violated by several defendants in 2010 (Count 4) is dismissed as barred by the statute of limitations;

- plaintiffs' claim that several defendants failed to prevent others from conspiring to violating plaintiffs' rights (Count 5) is dismissed for failure to state a claim upon which relief may be granted;

- plaintiff O'Grady's claim relating to the Portage School District's fundraising policy is dismissed for lack of standing (part of Count 7); and

- plaintiffs' claim that several defendants conspired under 42 U.S.C. § 1985(3) to violate their rights is dismissed for failure to state a claim upon which relief may be granted (Count 9).

Also for the reasons explained in the March 25 order in 18-cv-368-jdp, I will deny defendants' motion to dismiss the following claims:

- plaintiff Wentworth's claim that his business, customers, and employees were targeted for unjustified harassment (Count 6); and

- plaintiff O'Grady's claim challenging Portage High School's parking permit policy and the ticket he received (part of Count 7).

Defendants have also moved to dismiss three claims plaintiffs included in this case that were not clearly pleaded in the 18-cv-368-jdp lawsuit. First, defendants move to dismiss plaintiffs' retaliation claims challenging the injunction petitions filed in state court. Defendants argue that the claims are barred by the *Rooker-Feldman* doctrine because plaintiffs seek to

overturn a state court judgment. But as explained above, the *Rooker-Feldman* doctrine does not apply because there are no final judgments in the state court cases.

Second, defendants move to dismiss plaintiffs' claim that Wis. Stat. § 813.125 is unconstitutional. Defendants contend that this claim is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, because plaintiffs are seeking to enjoin defendants from enforcing the state law in state courts. This argument is not persuasive. If plaintiffs succeed in proving that the state law is unconstitutional, this court can craft declaratory or injunctive relief that would not violate the Anti-Injunction Act.

Third, defendants move to dismiss the portion of Count 10 alleging that defendant Oetzman intimidated plaintiffs while he testified in court with "crazy eyes." I agree that these allegations are too vague and conclusory to state any claim upon which relief may be granted, so I will dismiss that claim.

Finally, on the court's own motion, I will dismiss plaintiff Gruber's claim that defendants Columbia County, Vern Gove, Joseph Ruf, and Mark Hazelbaker violated his rights in connection with the condemnation of his business (part of Count 9). Gruber has attempted to bring this claim in this court before, and for the reasons explained to him in previous court decisions, he may not raise them again in this lawsuit. *See Gruber v. City of Portage*, 16-cv-664-wmc.

## C. Remaining claims

Having now resolved the arguments raised in defendants' motions to dismiss, I turn to plaintiffs' remaining claims. Plaintiffs' allegations can be grouped into the following categories of claims:

- **Lawsuit 1:** Plaintiffs' challenge to school district search policies and searches and seizures performed in schools by local law enforcement and a multi-county

drug task force, including targeted searches, seizures, and interrogations of plaintiffs David and Crystal Thom and plaintiff O'Grady's vehicle and children (Counts 1, 2, and 3);

- **Lawsuit 2:** Plaintiff Wentworth's claim that his business has been targeted for excessive surveillance and that his customers and employees have been harassed by local law enforcement (Count 6);

- **Lawsuit 3:** Plaintiff O'Grady's challenge to the Portage High School's parking permit policy and the ticket he received (Count 7);

- **Lawsuit 4:** Plaintiff Boyle's challenge to a Village of Pardeeville ordinance relating to riding lawn mowers and a ticket he received (part of Count 8);

- **Lawsuit 5:** Plaintiff Boyle's challenge to a warrantless entry into his residence and a subsequent unlawful arrest (part of Count 8);

- **Lawsuit 6:** Plaintiffs' claim that several defendants have retaliated against them for plaintiffs' filing lawsuit 18-cv-368-jdp; and

- **Lawsuit 7:** Plaintiffs' claim that Wis. Stat. § 813.125 is unconstitutional.

As I explained in the related case, these claims cannot all proceed together in the same lawsuit because they are too unrelated to satisfy Rule 20 of the Federal Rules of Civil Procedure. If plaintiffs were responsible for bringing this case to federal court, I would take the same approach that I took in 18-cv-368-jdp and I would require plaintiffs to choose which of the lawsuits identified to apply their filing fee to. But defendants paid the filing fee when they removed the case from state court. Defendants paid only one filing fee, despite removing what is really at least seven different lawsuits.

In previous cases in which a defendant removed a complaint that contained numerous lawsuits in violation of Rule 20, this court has asked the defendant to choose which of the plaintiff's separate lawsuits the defendant wished to apply their filing fee to, and whether they wished to remove the other lawsuit by paying another filing fee. *See Simpson v. Litscher*, No. 18-cv-467-jdp, Dkt. 14 (W.D. Wis. Jan. 11, 2019); *Kaufman v. Pugh*, No. 11-cv-168-bbc, 2011

9

WL 2436220 (W.D. Wis. June 14, 2011). If I follow that procedure here, defendants would need to choose one of the lawsuits identified above to apply their filing fee to, and then explain whether they wish to remove any of the other lawsuits by paying an additional fee. But I am not certain whether that is the proper procedure here, in light of the substantial overlap between this case and 18-cv-368-jdp. Depending on how plaintiffs choose to proceed in 18-cv-368-jdp, there ultimately could be 14 different lawsuits pending between federal and state court. Such a result would be highly inefficient and a waste of judicial resources. Therefore, before making a final decision regarding how to proceed with this case, I will give the parties an opportunity to provide input. By the date below, defendants should submit a brief explaining how they think the Rule 20 problems should be resolved in this case and how they intend to satisfy the filing fee requirements. Plaintiffs may file a response if they choose to do so.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motions for judicial notice, Dkt. 27 and Dkt. 28, are DENIED.

2. Plaintiffs' motion to remand, Dkt. 19, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiffs' claims under the Wisconsin Constitution. Those claims are REMANDED to the Circuit Court for Columbia County. The motion is DENIED in all other respects.

3. Defendant Mark Hazelbaker's motion to dismiss, Dkt. 16, is DENIED.

4. The motion to dismiss filed by the Columbia County and Portage School District defendants, Dkt. 10, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Count 4, Count 5, Count 9, the portion of Count 7 relating to the school district's student fundraising policy, and the portion of Count 10 alleging that defendant Oetzman intimidated plaintiffs while he testified in court with "crazy eyes." The motion is DENIED in all other respects.

5. Plaintiff John Gruber's claim that defendants Columbia County, Vern Gove, Joseph Ruf, Mark Hazelbaker violated his rights in connection with the condemnation of his business is DISMISSED.

6. Defendants may have until April 17, 2019, respond to this order as directed in the opinion above. Plaintiffs may have until April 24, 2019, to file a response.

Entered March 25, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge