IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT WENTWORTH,

               Plaintiff,

 v.

COLUMBIA COUNTY, ROGER BRANDNER,
MICHAEL HAVERLEY, MARK SMIT,
JORDAN HAUTER, DAVID CLARK, and
CORY MILLER,

               Defendants.

ORDER

19-cv-514-jdp

---

    Pro se plaintiff Robert Wentworth contends that local law enforcement officers and Columbia County have targeted his business for excessive surveillance, and have harassed his customers and employees, in violation of Wentworth's constitutional rights. Before the court is defendant Michael Haverley's motion to compel discovery from Wentworth. Dkt. 26. Wentworth did not respond to the motion. As detailed in Haverley's submissions, Wentworth has failed to respond to discovery requests that Haverley sent Wentworth on February 24, 2020. Dkt. 26. The discovery requests include interrogatories and requests for production of documents. Dkt. 27-1. To date, Wentworth has not responded to Haverley's requests or communications from counsel.

    Haverley's discovery requests seek information relevant to the claims and defenses in this case, and Wentworth has identified no reason for failing to respond to them. Therefore, I will grant Haverley's motion to compel Wentworth to respond to the discovery requests.

    Haverley asks that Wentworth be ordered to pay for his reasonable costs and attorney fees incurred in compelling Wentworth's compliance with discovery and this motion. I am inclined to grant this request. In some cases, a party's pro se or indigent status may make an

award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). But there is no evidence that Wentworth is indigent, and he has made no attempt to explain his failure to respond to Haverley's communications or the motion to compel. The fact that Wentworth is proceeding pro se does not relieve him of his duty to engage in good faith discovery. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664-66 (7th Cir. 2006) (explaining that pro se plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal). Before granting Haverley's costs and fees, however, I will give Wentworth one chance to object. After Haverley submits an itemized statement of costs and fees, Wentworth may respond with any objection he may have to the costs and fees sought. Finally, Wentworth should be aware that if he fails to comply with this order, I may dismiss this action entirely as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1. Defendant Michael Haverley's motion to compel, Dkt. 26, is GRANTED. Plaintiff Robert Wentworth must provide complete responses to Haverley's discovery requests by May 28, 2020.

2. Defendant Haverley may have until May 21, 2020, to submit documentation of the costs and attorney fees incurred in making the motion to compel. Wentworth may have until May 28, 2020 to file a brief in opposition.

Entered May 14, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge