IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT WENTWORTH,

                Plaintiff,

v.

COLUMBIA COUNTY, ROGER BRANDNER,
MICHAEL HAVERLEY, MARK SMIT,
JORDAN HAUTER, DAVID CLARK, and
CORY MILLER,

                Defendants.

OPINION and ORDER

19-cv-514-jdp

      Pro se plaintiff Robert Wentworth filed this lawsuit against Columbia County and several law enforcement officers, contending that the county and its officers has targeted his business for excessive surveillance and has harassed his customers and employees. Wentworth has not communicated with the court since he attended the pretrial conference in September 2019. He did not respond to two motions to dismiss filed by defendants, Dkt. 14 and Dkt. 24, and he did not respond to defendant Haverley's motion to compel. Dkt. 26. In May 2020, I granted defendant Michael Haverley's motion to compel, ordered Wentworth to provide complete responses to Haverley's discovery requests, and ordered Wentworth to pay Haverley's costs and attorney fees incurred in filing the motion to compel. Dkt. 33. I warned Wentworth that if he did not comply, I would consider dismissing this action as a sanction. Dkt. 33 at 2. I also ordered Wentworth to make a good faith effort to participate in the video deposition noticed by defendants. Dkt. 37.

      Now defendants have notified that the court that Wentworth did not attend his deposition and has not provided discovery responses as ordered. Defendants have moved to dismiss Wentworth's complaint under Rule 37(b)(2) and 37(d) of the Federal Rules of Civil

Procedure as a sanction for his failure to comply with a court order and attend his deposition. Dkt. 38. Wentworth has not responded to the motion.

I am granting the motion. Rule 37(b)(2) authorizes sanctions, including the dismissal of a suit, if a party fails to comply with a court order about discovery. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). Rule 37(d)(3) also permits dismissal of a suit for a party's failure to attend a properly-noticed deposition. Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was "at fault" for the failure to comply with discovery orders. *Ramirez*, 845 F.3d at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or gross negligence, rather than mere mistake or carelessness. *Id.*

In this instance, I find that Wentworth is at fault in failing to respond to defendants' discovery requests, failing to comply with this court's order on defendant's motion to compel, and failing to attend his deposition. I warned plaintiff in the May 14, 2020 order that I may dismiss this action if he failed to provide discovery responses to defendants. Not only has plaintiff failed to comply with that order, but he has also failed to attend his deposition, and has failed to respond to any of the motions filed by defendants. Wentworth has offered no explanation for his failure to participate in this case.

Dismissal of this case is an appropriate sanction under the circumstances. Issuing a monetary sanction to Wentworth did not seem to spur him into action any more than my previous warning about possible dismissal. Further, Wentworth's actions have prejudiced defendants, as defendants have continued to incur costs and fees in attempting to litigate this case despite Wentworth's apparent abandonment of it. Accordingly, I am dismissing this case

under Rule 37(b) and (d). Because I conclude that dismissal is a sufficient sanction under the circumstances, I will deny defendants' request for additional attorney fees and costs.

ORDER

IT IS ORDERED that motion to dismiss this case as a sanction, Dkt. 38, filed by defendants Columbia County, Roger Brandner, Michael Haverley, Mark Smit, Jordan Haueter, David Clark, and Cory Miller, is GRANTED IN PART and DENIED IN PART. The motion to dismiss is GRANTED, and this case is DISMISSED with prejudice under Fed. R. Civ. P. 37(b)(2) and (d). The motion for attorney fees and costs is DENIED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered June 30, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge